## JOHN F. RHODES, Respondent, v. JOHN S. GUHMAN, et al., Appellants.

### Springfield Court of Appeals, May 8, 1911.

1. **ACTIONS: No Recovery in Action Not Pleaded:** The petition contained allegations to the effect that defendants, with intent to cheat and defraud the bank of which plaintiff was receiver, had uttered a forged note, by means of which they obtained from the bank the sum of $1000, for which sum judgment was prayed. The referee, to whom this cause was submitted, found that the note described in the petition was the personal obligation of defendants and recommended that judgment be rendered in favor of plaintiff on said note, which was accordingly done. Applying the rule that a party cannot sue on one cause of action and recover on another, it was *held* that the petition did not state an action upon the note, but was an action *ex delicto*, and that the finding of the referee could not be upheld under the pleadings.

2. **PLEADINGS: Answer: Reply.** Where the answer of a defendant is a special denial, no replication is required.

3. ———: ———: ———. Where the petition alleged that the defendants had used a forged note for the purpose of obtaining money from a bank, and the separate answer of one of the defendants alleged that the note was deposited for credit, but that no credit was given and that the note was therefore without consideration, *held*, that the answer amounted to merely a special denial and no replication was required.

4. **PRACTICE: Reference: Report of Referee: Waiver of Time of Filing.** A referee was appointed and directed to report on the first day of the next regular term of the court, which was in July following. The first day set by the referee for taking testimony was July 15, after court had convened, upon which day, by consent of both parties, a continuance was taken until the 21st, when the testimony was heard, but no report was filed during the July term. *Held*, that defendant, having appeared on the 15th of July, which was after the date set for filing the report, and having failed to make any objection at that time, by consenting to a continuance of the hearing, waived the question of the right of the referee to take the testimony at the later date and to report at a subsequent term.

5. ———: ———: ———: **Filing Exceptions: Waiver as to Time.** The referee's report was filed on the 10th of January. The defendant's exceptions to the report was filed on the 24th of January. Plaintiff filed no motion to strike out the exceptions, because they were filed out of time, but the record shows that both parties "appeared and the issues made by the pleadings and the report of the referee were submitted to the court for its decision and judgment." *Held*, that plaintiff waived its right to object to the failure of defendant to file his exceptions in time.

6. **BANKS AND BANKING: Certificates of Deposit: Negotiability: Fraud: Damages.** A certificate of deposit was given by a bank to defendants in lieu of a note which is alleged to have been a forgery. This certificate of deposit had been disposed of by defendants, but the evidence did not show whether it was negotiable or not. In an action for damages by the receiver of the bank against the defendants on account of uttering the alleged forged note, it was *held* that whether or not the bank had been damaged depended upon the negotiability of the certificate of deposit, for if not negotiable, the bank could defend against it when presented by the purchaser.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

REVERSED AND REMANDED (*with directions*).

*John A. Gloriod* and *Ernest A. Green* for appellants.

(1) Plaintiff's petition wholly fails to state a cause of action against these defendants, and particu-

larly the defendant, John S. Guhman.   The note set out in the petition shows that defendant John S. Guhman is not liable thereon under the other facts pleaded. R. S. 1909, sec. 9989, Laws 1905, page 243; R. S. 1909, sec. 9991; Baum v. Stephenson, 133 Mo. App. 187; Joplin v. Hollingshead, 123 Mo. App. 602; Tate v. Railroad, 131 Mo. App. 107; Dorman v. Hall, 124 Mo. App. 5.   (2)   The court erred in overruling the defendant's exceptions to the referee's report for the reason that the referee had improperly overruled defendant's application for a continuance.   Campbell v. McCaskill, 88 Mo. App. 44; Shoe Co. v. Hilig, 70 Mo. App. 301; Distilling Co. v. VanFrank, 88 Mo. App. 50. (3) The court erred in confirming the referee's report because the referee had no jurisdiction to hear this cause after the time had expired within which he was to file his report.   The referee had no jurisdiction to make any order whatever in the premises after the first day of the July term of the circut court of Butler county.   R. S. 1909, sec. 1998; Francisco v. Rowland, 14 Mo. App. 600; Hadley v. Benero, 97 Mo. App. 314; State v. Pope, 110 Mo. App. 520; Harding v. Bedoll, 202 Mo. 625.   (4)   Under the pleadings and the evidence in this case the judgment should have been for defendants.   Bank v. Keith, 85 Mo. App. 409; R. S. 1909, sec. 9989, Laws 1905, page 243; R. S. 1909, sec. 1810; St. Louis to Use v. Clemens, 36 Mo. App. 467; Baum v. Stephenson, 133 Mo. App. 137; Joplin v. Hollingshead, 123 Mo. App. 602; Tate v. Railroad, 131 Mo. App. 107; Dorman v. Hall, 124 Mo. App. 5.

*J. F. Meador* for respondent.

(1)   The petition states such a cause of action as will be held good after verdict, more especially as there was no attack upon the petition.   Carrington v. Hancock, 23 Mo. App. 299; Mumford v. Keet, 65 Mo. App. 502; Hurst v. Ash Grove, 96 Mo. 168.   (2)   Exceptions

to the report of the referee must be filed within four days after the filing of such report. In this case if any exceptions were filed at all, it was two weeks after the expiration of the time in which they should have been filed. R. S. 1909, sec. 2012; Gibson v. Jenkins, 97 Mo. App. 27; Reinecke v. Jod, 56 Mo. 386; Gaston v. Kellog, 91 Mo. 104; Dallas v. Brown, 60 Mo. App. 493; Clark v. Kane, 37 Mo. App. 258. (3) The ruling of the referee on the evidence is not subject to review, there being no exceptions filed with the referee's report. Buxton v. Debrecht, 95 Mo. App. 599; Wentzville Co. v. Walker, 123 Mo. 662. The granting of a continuance in a cause rests in the sound discretion of the court, or referee. There was no error on the part of the referee in refusing a further continuance to defendants after July 21, 1909. Carpenter v. Myers, 32 Mo. 213; Leabo v. Goode, 67 Mo. 126; State v. McGuire, 69 Mo. 197; State v. Riney, 137 Mo. 102; State v. Banks, 118 Mo. 117. (5) The finding of the referee is a special verdict and in so far as it determines the facts, will be accepted as true where there is substantial evidence to support it. Tufts v. Latshaw, 172 Mo. 359; Bank v. Donnell, 172 Mo. 384; Howard County v. Baker, 119 Mo. 397; Daley v. Timons, 47 Mo. 516; Bissell v. Warde, 129 Mo. 439; Citizens Co. v. McDermott, 109 Mo. App. 306.

COX, J.—This action is based upon the following pleadings. The material part of the petition is as follows:

"Plaintiff for cause of action states that defendants John S. Guhman and H. N. Barckers, with intent to cheat and defraud the Greenville Bank, purported to make and execute a promissory note of the following tenor, to-wit:

'$1000.       GREENVILLE, Mo., Feb. 6, 1907.

'Four months after date we promise to pay to the order of Greenville Bank one thousand dollars, at Greenville Bank, for value received negotiable and payable

Rhodes v. Guhman.

without defalcation or discount, and with interest from maturity at the rate of eight per cent per annum. It is also agreed that all signers and endorsers of this note either as principal or security. Demand protest and notice of protest waived. It is further agreed that if this note be collected by suit or through an attorney ten per cent additional shall be added to cover costs of collection.

(Signed)     GERMANIA REAL ESTATE CO.,

H. N. BARCKERS, President.'

All of which will fully appear by reference to a copy of said note, which is hereto attached and marked Exhibit "A."

Plaintiff avers and charges that the note described is not the note of the Germania Real Estate Company, and that no such company or corporation exists as the Germania Real Estate Company, but that the defendants, John S. Guhman and H. N. Barckers, forged and uttered said instrument for the purpose and with the intent of cheating and defrauding the Greenville Bank, and that the same was delivered to the Greenville Bank by the said John S. Guhman and H. N. Barckers, and by false and fraudulent representation and by and under said note which defendants deposited in the Greenville Bank, the said John S. Guhman and H. N. Barckers did then and there procure and obtain of and from the said Greenville Bank the sum of one thousand dollars.

Wherefore, plaintiff prays judgment for the sum of one thousand dollars, together with interest at the rate of six per cent from February 6, 1907, and for costs."

The separate answer of defendant Barckers was a general denial and then proceeded as follows:

"Further answering, this defendant avers that while it is true that he signed his name to said note and left the same with said Greenville Bank to be discounted for the benefit of the Germania Real Estate Company, and the proceeds placed to the credit of the Germania

Real Estate Company, yet said bank never did discount said note and place the proceeds to the credit of said Germania Real Estate Company, and that neither this defendant nor said Germania Real Estate Company ever received one cent in considertion for said note, and said note was therefore wholly without consideration, and the same is not now and never was binding upon defendant in the hands of said plaintiff."

"Further answering, this defendant avers that this co-defendant, John S. Guhman, never received the proceeds arising from the discount of said note, nor any benefit whatsoever from or on account of said note: That if the books of said bank indicate that that said note was discounted and the proceeds placed to the credit of this defendant, the Germania Real Estate Company, or John S. Guhman, then such are false and fraudulent so far as said note is concerned."

"Wherefore having fully answered, defendant prays to be hence dismissed with his costs in this behalf sustained."

Separate answer of Guhman, after a general denial, was as follows:

"Further answering, this defendant denies that he was in any way interested in the Germania Real Estate Company as officer, director or otherwise, or that he had anything to do with the transaction out of which said note arose; or that he ever received one dollar's consideration from said Greenville Bank, growing out of any discount of said note and indeed knew nothing of or concerning said transaction, or that he ever signed said note or caused the same to be signed, or was a party or privy to the transaction.

And having fully answered, he prays to be hence dismissed with his costs.

The case was sent to a referee who took the testimony and made a report, and the portion thereof necessary to be now considered is as follows:

"I therefore find that said note above described is the personal obligation of defendants, John S. Guhman and H. N. Barckers, and that they are legally liable for the payment of the same to the plaintiff as receiver, as aforesaid, of said Greenville Bank, and that said defendants have not paid any part of said note and that they have no counterclaim or set-off either at law or in equity against said note.

I, therefore, recommend that judgment be rendered in favor of the plaintiff on said note dated, as aforesaid, February 6, 1907, in the sum of $1203.71, and that plaintiff recover of said defendant the costs in this behalf to be assessed at the sum of $11.50."

Exceptions were filed to this report by appellants. These were overruled and judgment entered against both defendants for the sum of $1203.71, as recommended by the referee, and defendants have appealed.

The first point made by appellants is that the petition does not state any cause of action upon the note mentioned therein, and that by reason thereof, the finding of the referee that the note is an obligation of these defendants, and the judgment of the court thereon cannot be sustained by the pleadings. In this contention we think appellants are right. The allegation of the petition is that the defendants, with intent to cheat and defraud the Greenville Bank, purported to make and execute a promissory note of the following tenor; then copies the note. Then charges that the note is a forgery and that it was uttered with the intent to cheat and defraud the bank, and that by means thereof they obtained from the bank the sum of one thousand dollars, and then prays judgment for that sum. It is clear from reading this petition that it is an action for the sum of one thousand dollars which it is alleged was paid by the bank to these defendants upon a forged note.

It is familiar law and requires no citation of authorities to substantiate the proposition that a party cannot sue upon one cause of action and recover upon

another.  The respondent, having alleged that the note was a forgery, and that by reason of it the bank was induced to pay to these defendants the sum of one thousand dollars, his action is ex delicto and is not an action upon the note, and for this reason, the judgment in this case must be reversed.

Since the cause must be remanded for a new trial it may be well to notice some other points arising in the case.  Appellants contend that since no reply was filed by the plaintiff they were entitled to judgment upon the pleadings, and that for that reason, the judgment should be reversed.  The separate answer of defendant Guhman is nothing but a special denial of the matters alleged in the petition and required no replication.  The separate answer of defendant Barckers, in effect, admits the execution of the note mentioned in plaintiff's petition, then alleges that the note was deposited to the credit of the Germania Realty Company; that the credit was not given, and that the note was, therefore, without consideration.  Since the petition does not declare upon the note, but alleges that the note was used for the purpose of defrauding the bank and that by reason of it the bank paid out the sum of one thousand dollars, this answer also amounts to nothing more than a special denial and no replication to it was required.

There was evidence in this case which would warrant a finding that these defendants did execute this note and deliver it to the bank and that it was found by the receiver among the assets of the bank.

This testimony would be sufficient to sustain a judgment upon the note if the plaintiff had declared upon the note.

The evidence discloses that when the note was left at the bank no money was paid upon it as alleged in the petition, but that, as a matter of fact, a certificate of deposit was issued to defendant Guhman in lieu of the note.  There is no evidence from which it can be ascertained whether this certificate of deposit was negotiable

or not.  Guhman testified that he had disposed of the certificate of deposit.  Hence, if it was negotiable and had been disposed of to an innocent purchaser for value before maturity it became a binding obligation against the bank, but if it was not negotiable then the bank could not have been required to pay it, and if that be true, has suffered no loss by reason of the alleged fraud of defendants.  If plaintiff wishes to stand upon the note as an obligation of the defendants his pleading should be so amended as to declare upon the note.  If he desires to stand upon the fraud perpetrated upon the bank he should so amend his petition as to allege the facts which will show that the bank has been injured by reason of the fraud and make that the basis of his recovery.

At the April term, 1909, a motion was filed by plaintiff asking for the appointment of a referee. . This motion was sustained, a referee appointed and directed to report on the first day of the next regular term of court. The next regular term of court was in July following. The first day set by the referee for the taking of testimony was July 15th. Then a continuance was taken to the 21st, when the testimony was taken, but no report was filed during the July term and the testimony was taken after the first day of that term.  The appellants, at the hearing on the 21st day of July, objected to the referee proceeding on the ground that the time within which he was to report had expired and that his authority to hear testimony in this case had become extinct. The difficulty with this position is that the report of the referee shows at the first day set for the hearing, July 15th, both parties appeared and consented that the hearing might be continued to the 21st, and in the exceptions filed by appellants to the report of the referee this statement of the referee in his report is not challenged. Therefore, it must be taken as true, and since appellants appeared and consented to a continuance of the hearing, they have waived the question of the right of the referee to take the testimony at that time.

The report of the referee was not filed until the 10th of January, 1910. The exceptions to the report were filed on the 24th of January, and respondent now insists that appellants have no standing in this court because the exceptions to the report were not filed within four days after the report was filed. The record in this case shows that as to this question the respondent is in the same position that the appellants are in as to questioning the right of the referee to take the testimony on July 21st for the judgment recites as follows:

"Now comes the parties hereto, plaintiff and defendants, by their respective attorneys, and all and singular, the issues made by the pleadings and the report of the referee heretofore filed in this court on the 10th day of January, 1910, were submitted to the court for its decision and judgment. . . . "

From this it will be seen that at the time the matter came up for final hearing the parties both appeared and the issues made by the pleadings and the report of the referee were submitted to the court for decision and judgment. After having submitted the matter to the court, without moving to strike out the exceptions, the respondent cannot now complain that the exceptions were filed out of time.

The appellants contend in this case that error was committed by the referee in overruling their application for a continuance filed on July 21st when the testimony was taken, but since the judgment is to be reversed this question is eliminated upon this appeal. We see no reason, however, why the testimony already taken may not be considered in a retrial of the case without putting the parties to the expense of going over the whole matter again.

The judgment will be reversed and the cause remanded with directions to permit the parties to offer such additional testimony as they may wish to offer, and that the pleadings may be amended if the parties so desire. All concur.